IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRIAN KEITH ORRELL, JR.,
AND DESTINY N. ORRELL AS
SUBSTITUTED PARTIES FOR BRIAN
ORRELL, DECEASED                                                                      PLAINTIFF

vs.                                     Civil No. 6:17-cv-06013

NANCY A. BERRYHILL                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Brian Keith Orrell, Jr. and Destiny N. Orrell, as substituted parties for Brian Orrell, Deceased ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB was filed on October 2, 2013. (Tr. 39, 235-238). Plaintiff alleged he was disabled due to a stroke, blood clots, heart attacks, loss of feeling in right leg and

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

foot, swelling in left leg, leg and chest pain, shortness of breath, arterial sclerosis, high blood pressure, headaches, dizziness, blurred vision, anxiety, depression, dementia, confusion, and memory loss. (Tr. 252). Plaintiff alleged an onset date of May 10, 2013. (Tr. 39). This application was denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request was granted. (Tr. 136).

Plaintiff's administrative hearing was held on May 28, 2015. (Tr. 58-98). Plaintiff was present and was represented by counsel, Shannon Muse Carroll, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-three (43) years old and had a ninth grade education. (Tr. 66).

On August 11, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 39-52). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2018. (Tr. 41, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 10, 2013, the alleged onset date. (Tr. 41, Finding 2).

The ALJ determined Plaintiff had the severe impairments of morbid obesity, heart disease, headaches, and central vascular accident with acute cranial infarcts. (Tr. 41, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 44, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 45-50). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

2

the RFC to perform a range of sedentary work limited to occasionally lift or carry up to ten pounds; frequently lift or carry less than ten pounds; sit for six hours, and stand and walk for two hours, in an eight-hour workday; option to stand for five minutes after sitting for twenty minutes throughout the workday; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; and would miss one day of work per month due to his condition. (Tr. 45, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 50, Finding 6). The ALJ found Plaintiff was unable to perform his PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 50, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as telephone quote clerk with 69,500 such jobs in the nation and table worker with 33,100 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from May 10, 2013, through the date of the decision. (Tr. 51, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 11). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-5). On January 25, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 9, 2017. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 14, 16. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

4

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the ALJ erred: (A) by failing to find Plaintiff met a Listing and (B) in failing to present a proper hypothetical to the VE. ECF No. 14, Pgs. 3-12. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 16.

### A. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included morbid obesity, heart disease, headaches, and central vascular accident with acute cranial infarcts. (Tr. 41, Finding 3).

However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that his impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues he meets a Listing under Section 11.04 for central nervous system vascular accident and 4.04 for ischemic heart disease. ECF No. 14. Defendant argues Plaintiff has failed to establish he meets theses Listings. ECF No. 16.

To meet Listing 11.04, Plaintiff must show: (A) sensory or motor aphasia (loss of ability to understand or express speech) resulting in ineffective speech or communication, or (B) significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements or gait and station. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.04(A)-(B) (2016). Plaintiff makes no argument regarding subsection (A), therefore only whether the requirements of subsection (B) have been met will be discussed.

Plaintiff argues his recurrent leg swelling, right foot tapping, dizziness, headaches, and use of a cane to ambulate satisfy the criteria needed to met Listing 11.04(B). However, ALJ correctly found Plaintiff had no severe interference with motor function or the use of his lower extremities.

The ALJ found Plaintiff activities included the ability to drive a car, shop in stores, occasionally go to car shows, perform household chores, and regularly go to his friend's mechanic shop and his brother's detail shop. (Tr. 46). The medical record also contained several references showing Plaintiff had a normal gait, reflexes, and range of motion. (Tr. 399, 434, 444, 458, 471, 497, 582). Further, medical consultants Dr. Brett Alberty and Dr. Charles Friedman reviewed Plaintiff's medical evidence and indicated Plaintiff did not meet the criteria of Listing 11.04. (Tr.

100-110, 112-125).

The ALJ correctly found Plaintiff failed did not meet the requirements of Listing 11.04.

Plaintiff also argues he meets Listing 4.04 for ischemic heart disease. This requires evidence of ischemic heart disease with symptoms due to myocardial ischemia while on a regimen of prescribed treatment, with one of the following:

> A. Sign-or symptom-limited exercise tolerance test demonstrating at least one of the following manifestations at a workload equivalent to 5 METs or less:
>
>> 1. Horizontal or downsloping depression, in the absence of digitalis glycoside treatment or hypokalemia, of the ST segment of at least -0.10 millivolts (–1.0 mm) in at least 3 consecutive complexes that are on a level baseline in any lead other than a VR, and depression of at least -0.10 millivolts lasting for at least 1 minute of recovery; or
>>
>> 2. At least 0.1 millivolt (1 mm) ST elevation above resting baseline in non-infarct leads during both exercise and 1 or more minutes of recovery; or
>>
>> 3. Decrease of 10 mm Hg or more in systolic pressure below the baseline blood pressure or the preceding systolic pressure measured during exercise (see 4.00E9e) due to left ventricular dysfunction, despite an increase in workload; or
>>
>> 4. Documented ischemia at an exercise level equivalent to 5 METs or less on appropriate medically acceptable imaging, such as radionuclide perfusion scans or stress echocardiography.
>
> OR
>
> B. Three separate ischemic episodes, each requiring revascularization or not amenable to revascularization (see 4.00E9f), within a consecutive 12–month period (see 4.00A3e).
>
> OR
>
> C. Coronary artery disease, demonstrated by angiography (obtained independent of Social Security disability evaluation) or other appropriate medically acceptable imaging, and in the absence of a timely exercise tolerance test or a timely normal drug-induced stress test, an MC, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise tolerance testing would present a significant risk to the individual, with both 1 and 2:
>
>> 1. Angiographic evidence showing:

> a. 50 percent or more narrowing of a nonbypassed left main coronary artery; or
> b. 70 percent or more narrowing of another nonbypassed coronary artery; or
> c. 50 percent or more narrowing involving a long (greater than 1 cm) segment of a nonbypassed coronary artery; or
> d. 50 percent or more narrowing of at least two nonbypassed coronary arteries; or
> e. 70 percent or more narrowing of a bypass graft vessel; and
>
> 2. Resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.04.

To begin with, Plaintiff has failed to offer any specific medical evidence showing the criteria of Listing 4.04 have been met. Further, several portions of the medical record refereed to by Plaintiff are either before or following the relevant time period.

Plaintiff references problems with leg swelling as support for meeting the Listing. However, as discussed above, the medical record contained several references showing Plaintiff had a normal gait, reflexes, and range of motion. Also, Dr. Alberty and Dr. Friedman both reviewed the medical record and indicated Plaintiff did not meet Listing 4.04. (Tr. 100-110, 112-125).

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

**B. Step 5 Determination**

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the

8

SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform a range of sedentary work limited to occasionally lift or carry up to ten pounds; frequently lift or carry less than ten pounds; sit for six hours, and stand and walk for two hours, in an eight-hour workday; option to stand for five minutes after sitting for twenty minutes throughout the workday; occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; and would miss one day of work per month due to his condition. (Tr. 45, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national

economy consistent with the limitations found by the ALJ. (Tr. 93-95). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 50-51, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 51, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of January 2018.**

/s/  Barry A. Bryant  
HON. BARRY A. BRYANT  
U. S. MAGISTRATE JUDGE